IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL DEPOSIT INSURANCE )
CORPORATION, AS RECEIVER FOR )
SILVERTON BANK, N.A. )
 )
      Plaintiff, )
 )    CIVIL ACTION FILE
v. )
 )    NO. 1:14-CV-1547-MHC
AMY McCAY, individually and as )
Trustee of AMY McCAY CHILDREN'S )
TRUST, )
 )
      Defendant. )

## ORDER

Plaintiff Federal Deposit Insurance Corporation, as Receiver for Silverton Bank, N.A. (the "FDIC")[1] alleges that Defendant McCay has defaulted on two promissory notes (the "McCay Note" and the "Trust Note") and one guaranty. The

---

[1] 12 U.S.C. § 1821 grants the FDIC "all rights, titles, powers, and privileges" of an insured bank that is in receivership and provides that the FDIC may "collect all obligations and money due the institution." 12 U.S.C. §§ 1821(d)(2)(A)(i) and 1821(d)(2)(B)(ii). Thus, by operation of law, the FDIC has the right to sue to recover on promissory notes of the bank that is in receivership. See F.D.I.C. v. Jackson, No. 1:11-CV-2134-RWS, 2012 WL 568226, at *1 (N.D. Ga. Feb. 17, 2012) ("FDIC took over all of Silverton's assets, including the ability to collect on outstanding Notes, by operation of law.")

FDIC has filed suit against McCay for recovery on the notes and guaranty, and for contractual costs including attorneys' fees pursuant to O.C.G.A. § 13-1-11 (or, in the alternative, pursuant to O.C.G.A. § 13-6-11).[2]

On August 27, 2014, the FDIC filed a motion for summary judgment. [Doc. 12.] On August 28, 2014, the Clerk sent a notice to McCay informing her of the consequences of failing to file any opposition to the motion for summary judgment. [Doc. 13.] McCay failed to file a response to the motion within twenty-one days, as required by Local Rule 7.1(B).

Despite McCay's failure to file a response to the FDIC's motion for partial summary judgment, the Court cannot simply grant the FDIC's motion. Instead, the merits of the motion must be considered. See United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather,

---

[2] In her answer, McCay raises only the defense of the statute of limitations. [Doc. 5.] However, the maturity dates of the notes were on January 15, 2013, and January 18, 2013, and the notes were payable on demand or, if no demand was made, payable on a schedule as specified to lead up to the maturity dates. [Doc. 1 at 12, 15.] In relevant part, O.C.G.A. § 11-3-118(a) states that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note. . . ." Even if the notes were construed as repayable on demand, the FDIC sent demand letters to McCay on May 8, 2014, and filed suit on May 21, 2014. [Id. at 23-24, 26-27.] O.C.G.A. § 11-3-118(b) provides that an action "to enforce the obligation of a party to pay the [demand] note must be commenced within six years after the demand." Thus, the FDIC's action is not barred by the statute of limitations.

2

must consider the merits of the motion."). This is because Fed. R. Civ. P. 56(e) provides that where "the adverse party does not respond, summary judgment, *if appropriate,* shall be entered against the adverse party." (emphasis added).

In light of McCay's failure to file any response to the FDIC's motion,[3] it is undisputed that the promissory notes and guarantees are valid and enforceable, that McCay executed the guarantees, and that she failed to pay the amounts due, thereby causing damage to the FDIC. "A creditor in possession of a valid and signed promissory note has a *prima facie* right to repayment, unless the debtor can establish a valid defense." City of Breman v. Regions Bank, 274 Ga. 733, 740 (2002); see also Smith v. Gordon, 266 Ga. App. 814 (2004) (affirming summary judgment in creditor's favor where debtor did not dispute executing the promissory note, and therefore, production of the note established a *prima facie* case). An "admission of indebtedness under [a promissory note] establishes [a] *prima facie* case for recovery… [and carries a plaintiff's] burden of showing the absence of any material fact and of entitlement to judgment on the note. . . ." Pollard v. First

---

[3] McCay also failed to serve any response to the FDIC's first requests for admission, which means that all of the matters contained therein are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). See United States v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992) (holding that claimant's failure to respond to request for admission in civil forfeiture action supported entry of summary judgment). Thus, it is undisputed that McCay signed the guaranty and failed to honor her promises to pay the debts evidenced by the promissory notes.

Nat'l Bank of Albany, 169 Ga. App. 598, 598 (1984). Thus, the undisputed evidence compels the entry of summary judgment for Plaintiff on its claim.

The Court also finds that the evidence compels the entry of summary judgment in favor of the FDIC on its claim for contractual costs of collection (including attorneys' fees) in the amount of 15% of the outstanding principal and interest owed at the time of judgment, pursuant to O.C.G.A. § 13-1-11.[4] Under the terms of the notes, McCay agreed to pay all costs of collection, including reasonable attorneys' fees, which were incurred in collecting or attempting to collect the amounts due. The notes stated:

> Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's costs of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees, if any sums owing under the Note are collected by or through an attorney at law, whether or not there is a lawsuit, and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

[Doc. 1 at 12, 15.] Pursuant to O.C.G.A. § 13-1-11, "[o]bligations to pay attorney's fees upon any note . . . shall be valid and enforceable and collectable as a part of such debt if such note . . . is collected by or through an attorney after

---

[4] Thus, the Court need not address Plaintiff's alternative argument regarding O.C.G.A. § 13-6-11.

4

maturity . . . . ." See also Carlos v. Murphy Warehouse Co., 166 Ga. App. 406, 408 (1983).

To obtain relief, O.C.G.A. § 13-1-11 required the FDIC to notify McCay in writing that the provision in the notes regarding contractual costs of collection would be enforced and that she had ten days from the receipt of such notice to pay the amounts owed without incurring any liability for the costs.

On May 8, 2014, the FDIC complied with O.C.G.A. § 13-1-11 by serving McCay with a letter informing her that the FDIC would seek to enforce the provision regarding costs. It is undisputed that McCay failed to make any payment to the FDIC within ten days. Accordingly, the FDIC satisfied the notice requirements of O.C.G.A. § 13-1-11. Consequently, the Court will grant summary judgment in favor of the FDIC on its claim for contractual costs of collection, including attorneys' fees.

For the foregoing reasons, the Court **GRANTS** the FDIC's motion for summary judgment [Doc. 12] as to the principal debt of $181,727.30 on the McCay Note and $85,100.49 on the Trust Note; interest as of August 27, 2014 of $10,652.08 on the McCay Note and continuing to accrue after August 27, 2014 at the *per diem* rate of $27.76, and interest as of August 27, 2014 of $4809.35 on the Trust Note, with interest continuing to accrue after August 27, 2014 at the *per diem*

rate of $12.99; and contractual costs of collection of $28,856.90 on the McCay Note and $13,486.47 on the Trust Note. There being no claims remaining for adjudication, the Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 9th day of January, 2015.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge